## HASTINGS MFG. CO. v. AUTOMOTIVE PARTS CORPORATION et al.

### SAME v. SEALED POWER CORPORATION.

### SAME v. REED & WILEY CO. et al.

#### Nos. 9231–9233.

Circuit Court of Appeals, Sixth Circuit.

Feb. 5, 1943.

Earl & Chappell, of Kalamazoo, Mich., for Hastings Mfg. Co.

Frank E. Liverance, Jr., of Grand Rapids, Mich., George N. Hibben and Harry W. Lindsey, Jr., both of Chicago, Ill., for Automotive Parts Corporation and others.

Rice & Rice, of Grand Rapids, Mich., and John H. Sutherland, of St. Louis, Mo., for Reed & Wiley Co et al.

Before HICKS, SIMONS and HAMILTON, Circuit Judges.

PER CURIAM.

The three appeals are from decrees dismissing bill of appellant charging infringement by each group of appellees, of claims 2 to 16 inclusive of patent No. 2,148,997, granted to Harold P. Phillips February 28, 1939, on an application filed April 16, 1936, for a piston ring. The issue of validity is precisely the same in each case and is supported by the same evidence. The court below (D.C., 39 F.Supp. 319, 328) found the claims invalid because of anticipation, lack of invention over the prior art, insufficiency of disclosure, and because they define an exhausted combination and disclose mere aggregation. The court also found the claims not infringed by any of the assailed structures of the appellees.

The District Judge made a careful study of the prior art, including both recorded patents and prior uses found to have been established upon clear and persuasive evidence. He also made detailed findings of fact and arrived at the conclusion that upon consideration of the Teetor patent No. 1,414,796, 1922; Williams No. 1,764,815, 1930; British patent to Talbot No. 256,083, 1926; British patent to Marshall No. 363,478, 1931; Marien patent No. 1,942,967, 1934; Anderson prior use in 1935; Craven use in 1933 and 1934; the Duoflex embodiment of Wuerfel patent No. 1,707,035, they constituted complete demonstration of the crowded character of the art, leaving little or no room for invention.

Upon a careful consideration of the briefs and the evidence, we are satisfied

that no useful purpose will be served by discussion more detailed than is presented in the findings and conclusions below, and our consideration brings us into agreement with the District Court that the claims of the patent in suit are invalid because of anticipation and because, if not completely and precisely anticipated, they are invalid for lack of invention over the prior art. This conclusion makes it unnecessary for us to consider the question of adequacy of disclosure nor the separable questions relating to infringement by the structures of each individual or group of appellees.

The decree below in each of the above causes is affirmed.